No. 962

STATE ex v. OHIO PUB. SER. CO.

Ohio Appeals, 9th Dist., Wayne Co.

No. 804. Decided Oct. 16, 1925

458. EMINENT DOMAIN—Under 9192-1 GC. (111 OL. 182) electric light companies are given express power to appropriate land of private individuals for the purposes therein named

BY THE COURT.

A petition was filed in the Court of Appeals in this action in quo warranto charging the Ohio Public Service Company with usurping the powers of eminent domain and that it is improperly proceeding in the Probate Court to acquire a right of way for its high tension wires over private property.

It is contended that the Company is not authorized by its charter, to establish and operate such a line and that such is not given as the purpose of the organization and operation of said corporation; and that such right, if such it has, is only incidental to the main purpose of the organization of such corporation. The Court of Appeals held:

1. It is no doubt true in Ohio that a corporation can have but one purpose set forth in its charter.

2. From examination of the charter, the main purpose of the Company is "generating, manufacturing, producing, procuring, selling, furnishing, supplying, conducting, carrying, transmitting and distributing, to public and private buildings, steam and hot water, electrical light, power and energy, and natural gas, for light, heat and other purposes."

3. The next question for consideration is: does the Company have conferred upon it by the General Assembly of this state the right of eminent domain?

4. By 9172 GC., a magnetic telegraph company is given the right of eminent domain. By virtue of 9192, 9192-1 GC., the right of eminent domain is conferred upon said defendant corporation the same as though its name were included by express words in said 9172 GC., and therefore it does not come with-

## STATE COURT OF APPEALS—Continued

in the rule announced by the Supreme Court in 19 OS. 560.

5. It is further claimed that under paragraph 5 of 8625 GC., the articles of incorporation should have contained the termini of the power lines to be constructed by said defendant and the counties in or through which its lines will pass.

6. This is not correct as companies of this character are expressly relieved from this obligation by 9171 and 9192 GC.

7. Under the charter of the Company and the law of this state, it has the power of eminent domain, subject to the provisions of chapter 5 of title 3 of part III of the General Code.

Petition dismissed.

Attorneys—H. R. Smith, Critchfield, & Etling, and C. A. Weiser, Wooster, for State ex; Fillius & Fillius, Warren; and Weygandt & Ross, Wooster, for Company.

Note—The judgment of the Court of Appeals in this case was affirmed by the Supreme Court on June 2, 1925.